The first case is United States v. Siemens. May I please report, my name is Joe, my name is... Hold on, hold on one second. I don't see Judge Cabranes there. Okay, just wait one minute. I just don't see Judge Cabranes. Okay. So, Donovan, why don't you just take a seat, it's a technical. No, it's giving a countdown, so it says two seconds now, now, it should be good. All right, we have Judge Cabranes, and we're ready to go. Mr. Donovan, you deserve two minutes for rebuttal. You can begin whenever you're ready. Thank you, Your Honor. This is actually my second argument before a panel today. I'm very fortunate in that my second panel is so much gentler. I'm sorry, I can't hear you, Mr. Donovan. I'm not sure. Very well. Does that desk go up, Troy? Can you raise that? You can raise it up, but you can also... Yeah, the buttons. I remember the first time I argued here, I thought you'd opened a door and I was falling down. Actually, this is the second argument that I've made. We haven't put that in yet, but we're going to do it next week. I won't be here for a couple of months, so I'm fine. This is the second argument I've made today, and I'm so grateful that my second panel is so much gentler than the panel this morning. You know, I never begin... I may often think, but I would never say that when I'm appointed to represent an appellant, that this is a conviction that should be... this is a judgment that should be affirmed. But I think I can say that without hurting my client at all in this particular case. Siemens wants the Supreme Court to consider the question of whether force violence... whether bank robbery by intimidation is actually a predicate crime to be a career offender. And this court, in a learned opinion, has said it is. It's a different panel, but this panel has to follow that opinion. And that opinion not only is straightforward, is a straightforward holding against us in this case, but it's also been followed in other unreported opinions, and I think it's been followed by every single other circuit that's considered the question. So I should lose that substantive question, and I won't spend any time on it. But if I want to go to the Supreme Court, I've got to persuade you that he didn't waive the right to appeal this. That's the issue, and it's kind of an interesting issue. Well, isn't that something that he would raise before the Supreme Court, whether he waived it? What does it... why would we need to address it? I would think that if... usually when I take a petition for cert, the government doesn't have to respond. It's just denied. But I would think if they did respond, they would say this case isn't really appropriate for consideration because the Second Circuit said he waived the right to appeal anyway, and so the substantive matter shouldn't be accepted for argument. Let's talk about the waiver provision, though, because as you know, he reserved his right to make this sentencing argument in the plea agreement. The government allowed him to make the argument that the career offender enhancement would not apply, but then in a separate part of his plea agreement that deals with his appellate waiver, he clearly gives up the right to appeal a sentence of 120 months or less. See, I say the same thing that you're saying, but I say it differently. He said, I reserved the right to litigate and contest the issue of whether I was a career offender. I reserved that right. That's what he said right at the very beginning. No, not at the very beginning. For sentencing purposes, in the part of the plea agreement that has... this is not unique language that when defendants are reserving a sentencing argument in the plea agreement, it goes in the section that deals with the sentencing enhancements and which ones apply and that don't apply. But I don't think so. It doesn't say he reserves the right in the district court. He doesn't say he reserves the right during the sentencing proceedings. He says he reserves the right to litigate and contest the issue. Now, if litigate and contest only means to litigate and contest in the district court, then I've lost. I know, but the separate waiver of appeal right says he waives and gives up his right to challenge in any way, any sentence, any sentence to a term of imprisonment, 120 months or less. And, in fact, the only exception in that section is for ineffective assistance of counsel. So it states one exception, ineffective assistance of counsel, and it says any sentence of 120 months or less he can't appeal. But I'm not sure that it's just not all that clear. Right at the beginning, right at the beginning of the plea agreement, he says he reserves the right to litigate this issue. Well, how about at the plea? In the plea itself, the court said you understand that you may not appeal your sentence or otherwise challenge or collaterally attack your sentence if I sentence you to 120 months or less. You understand that, defendant? Yes, Your Honor. He doesn't say, well, what about my career offender enhancement, Your Honor, right? It's not ambiguous. No, but I think, well, with respect to what the court is doing there is it's going through the plea agreement piece by piece. And so it's questioning him about the plea agreement. And if the plea agreement provides only that he can only litigate this question in the district court, then you're right. You're absolutely right. But to litigate and contest isn't limited. Now, look, I didn't draft it. The government drafted it. You say over and over and over again that we hold ambiguous provisions against. So how should they have drafted it? How would it have been better? How would it have been clearer? Sure. It's easy. It's easy. The defendant reserves the right to litigate and contest the issue of whether he was a career offender in the district court during the sentencing proceeding. And then in the appeal waiver part, it could say he agrees he won't take an appeal of any issue, including the question that he intends to argue in the district court concerning career offender. If he wanted to reserve his appeal for appellate purposes, reserve his right to appeal for our court and the appellate court, he could have said at the plea, I plead guilty. You know, I'm not going to argue against anything that you've done, except we disagree with the criminal exception. You know, the exception to the Armed Career Criminal Act. Yeah. And, you know, the Predicate Act. And then he could have, at the time, the judge says, do you realize you're going to accept the sentence and you're not going to appeal? And he said, yes, except for that point. Except for that point. I want to litigate that particular point. But the government too could have said, you know, when the judge asked that question, the government could have said, well, we want to make it clear. That includes this point that obviously this matter, whether this question was something that was debated between the government and the defense. It wasn't some surprise coming out of the woodwork, out of the closet. Right. And the government could have said, well, Judge, may I please support? That's including the right to argue on appeal, the question of – I mean, it seems to me that a fair reading of this plea agreement, it comes down equally as to whether he actually waived it or he didn't waive it. Well, how should we look at the fact that they accept claims for ineffective assistance of counsel, but there is no exception? The very easy way, if this was going to be an exception, would say accept that the defendant does not waive the right to raise a claim based on alleged ineffective assistance of counsel or his challenge to the career designation. That's where it would have been, right? What I say, it would have been redundant. He's already said that at the beginning. All right. He had already repeated it, so. All right. Thank you, Mr. Donovan. You have two minutes for rebuttal. We'll hear from the government. Mr. Clymer. May it please the Court, Stephen Clymer for the United States. I just want to make three points, Your Honor. First, with respect to this claim, that there was ambiguity in the plea agreement waiver provision. I think counsel's argument ignores the structure and the headings that appear in the plea agreement. There is a subsection of the plea agreement that specifically describes sentencing stipulations. That is where the reservation of the right to contest and litigate the career offender issue appears. In a separate section that's entitled waiver of appeal and collateral attack rights is the unambiguous waiver of any sentence of 120 months or less, other than, as the Court has pointed out, the specific exception for ineffective assistance in counsel claim. So to the extent that counsel is looking for ambiguity, I think the plea agreement itself, without even considering what happens at the sentencing proceeding and the way the court talks about it and the way the defendant talks about it, makes clear that there's no ambiguity here. That's my first point. Second point, in addition to having waived the right to raise this claim in his plea agreement, the defendant waived the right at sentencing as well. When talking to the court, defense counsel acknowledged that under this court's precedent, namely the Moore case, although he doesn't cite the Moore case specifically, but he says this circuit has found that this crime is a crime of violence. Having told the court that, the district court that, at sentencing, the defendant has waived his right to raise that claim now in this court. That argument, which is in the government's brief, it's the second point in our brief, has gone unresponded to by the defendant, both in his reply brief and here at oral argument. The third point is the obvious one, which is one that counsel concedes that this court has clearly foreclosed the substantive claim here. The sentencing guidelines clearly say robbery, and in Moore, this court said that robbery, there is generic robbery, includes bank robbery by intimidation. Unless the court has questions, that's all I have. Thank you. All right. Thank you, Mr. Clymer. Mr. Donovan, you have two minutes in rebuttal. Thank you, Your Honor. Just at the risk of not responding, you both were district judges. You don't get up, all three of you were district judges. You don't get up and say, Judge, the Second Circuit has said that I'm wrong on this, but I'm going to take half an hour of your time by arguing it. I mean, I don't think you would. Not a half an hour, but I have had lawyers stand up and say, to preserve this for review by the Supreme Court, we just want to note that we disagree with this precedent. Have you heard lawyers do that? I can't disagree with you that he could have said it a little bit more clearly. But what he did say was, look, I'm not raising this issue because the Second Circuit has said it would be frivolous for me to raise the issue at this point. So I don't think that's any kind of a waiver. I think we just come back to the question about which we are disagreeing. There is ambiguity here, and you need to hold it against the government. So for all those reasons, I would suspect that Your Honors will affirm, but I'm hoping that you will say that he did not waive the right to appeal, and substantively he's wrong. All right, thank you, Mr. Donovan. Thank you, Your Honor. Mr. Kline will reserve decision. Have a good day.